IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**JAMES E. BROWN & ASSOCIATES, PLLC** )<br>)<br>**Defendant.** ) | Civil Action No. 12-cv-262 (RLW) |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("EEOC" or "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's complaint alleged that Defendant, James E. Brown & Associates, P.L.L.C. ("Brown") failed to hire Charging Party based on her sex, female (pregnancy), in violation of Title VII. By entering into this Consent decree, Brown does not admit to the allegations contained in the EEOC's Complaint. The EEOC does not disavow its allegations set forth in the Complaint. The Consent Decree does not constitute an adjudication of the merits of this lawsuit.

This Consent Decree resolves all claims raised by the EEOC in its Complaint. EEOC and Brown hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by this entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Brown shall not discriminate against any person on the basis of sex and pregnancy, including by denying employment to pregnant individuals, or any other protected category within the meaning of Title VII.

2. Brown shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Brown shall pay Zorayda J. Moreira-Smith the sum of $ 18,000 in settlement of the claims raised in this action. Brown shall make payment by issuing a check payable to Ms. Smith. The first payment of $9,000 shall be made within fifteen (15) days after the Court approves this Consent Decree. The second payment of $9,000 shall be made within thirty (30) days after the Court approves this Consent Decree. Brown shall mail the check to Ms. Smith at an address to be provided by the EEOC. Within ten (10) days after each check has been sent, Brown shall provide the Commission with a copy of the check and proof of its delivery to Ms. Smith.

4. Within ninety (90) days of the entry of this decree by the Court, Brown shall develop and implement a formal, written anti-discrimination policy, which shall include, but not

be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sex and pregnancy discrimination; a procedure for the thorough and immediate investigation of employee complaints of discrimination; and a procedure for making hiring considerations consistent with the requirements of Title VII.  Brown shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period.  Within ninety (90) days of the entry of this decree, Brown shall report compliance to the Commission.  During the term of this Decree, Brown shall distribute the policy to all new employees and review it with them at the time of hire.

     5.     During the term of this Decree, Brown shall post a copy of the policy described in paragraph four (4) above, in its office in a place where it is visible to employees.  If the policy becomes defaced or unreadable, Brown shall replace it by posting another copy of the policy. Within ninety days (90) after the Consent Decree is entered, Brown will post the policy and notify the EEOC that it has been posted.

     6.     During the term of this Decree, Brown shall provide an annual training program to all of its managers, supervisors and employees at its office.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sex discrimination, pregnancy discrimination and retaliation in the workplace. Each training program shall also include an explanation of Brown's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

     The first training program shall be completed within one hundred (100) days after entry of the decree by the Court.  Each subsequent training program shall be conducted at

approximately one-year intervals. At least fifteen (15) days prior to each program, Brown shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Brown shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Brown shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its District of Columbia office. If the Notice becomes defaced or unreadable, Brown shall replace it by posting another copy of the Notice.

8. During the term of this Consent Decree, Brown shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

   A. A list of all job openings for employment at Brown;

   B. the identities of all applicants who applied for employment for each of the openings identified in 8.A. above, by name, address, telephone number, position sought, social security number, and whether the individual was known to Brown to be pregnant; and

   C. for each applicant identified in 8.B. above state whether the individual was hired; if hired, the position obtained; but if not hired, explain reason applicant was not hired.

9. In the event there is no activity to report pursuant to this paragraph, Brown shall send the EEOC a "negative" report indicating no activity.

10. The EEOC may review compliance with this Decree, without notice for the posting provisions in paragraphs 5 and 7 of this Decree. As part of such review, the EEOC may inspect Brown's office, interview employees and examine and copy documents, including but

not limited to all records required to be kept by the terms of this Decree. If the EEOC intends to interview employees and/or examine and copy documents, the Commission will provide three (3) business days notice to James E. Brown, Esq., via facsimile at: (202) 742-2099.

11. If anytime during the term of this Decree, the EEOC believes that Brown is in violation of the Decree, the EEOC shall give notice of the alleged violation to James E. Brown, Esq., via facsimile at: (202) 742-2099. Brown shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the EEOC by Brown pursuant to this Decree shall be sent to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail- Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorneys' fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years, without further action by the Parties.

_____	_____
Date	Judge, U.S. District Court
	District of Columbia

The parties jointly request that the Court enter and approve this Consent Decree:


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES J. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney

By: /s/ Tracy Hudson Spicer
Tracy Hudson Spicer
Edward Loughlin
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, D.C. 20507
202.419.0748 (telephone)
202.419.0739 (facsimile)
E-mail: tracy.spicer@eeoc.gov
edward.loughlin@eeoc.gov

*Attorneys for Plaintiff United States Equal Employment
 Opportunity Commission*

By: /s/Robert W. Jones
Tilman L. Gerald
Law Offices of Tilman L. Gerald
Robert W. Jones
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005
Telephone: 202.742.2004
Facsimile: 202.742.2099
Email: tilmanlg@gmail.com
rjones@jeblaw.biz

*Attorneys for Defendant James E. Brown & Associates, PLLC*